IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**KEITH CORNELL MCKINNEY,**

       Petitioner,

v.                                                                                      Case No. 3:18-cv-00563

**UNITED STATES OF AMERICA,**

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), which was improvidently filed in this United States District Court while his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was pending. The petitioner has failed to either pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND AND PETITIONER'S CLAIMS

The petitioner is presently serving a 72-month sentence, which was imposed by this federal court on June 15, 2015, following his guilty plea to one count of knowingly and intentionally distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). Defendant's sentence calculation included an enhancement under section 4B1.1 of the

United States Sentencing Guidelines ("USSG") after the court found that he had at least two prior convictions that constituted either a crime of violence or a controlled substance offense.[1]

The career offender enhancement resulted in a proposed Guideline offense level of 32. After a three-level reduction for acceptance of responsibility, Defendant's total proposed Guideline offense level was 29, which resulted in a sentencing range of 151-188 months. However, the presiding District Judge varied downward from that range and sentenced Defendant to 72 months in prison, which was the sentence argued for by Defendant's counsel. Defendant's Judgment was entered on June 16, 2015. (ECF No. 35). Defendant did not appeal his conviction or sentence.

However, he subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*McKinney v. United States*, Case No. 3:16-cv-05598). In that motion, and supplements or amendments thereto, the petitioner challenged his career offender enhancement in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the United States Court of Appeals for the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (en banc). The instant motion, which was filed while the petitioner's section 2255 motion was still pending, repeats these same challenges.[2]

---

[1] The presiding District Judge found that Defendant qualified as a career offender due to a 2004 conviction for delivery/manufacture of under 50 grams of cocaine in the 6th Circuit Court in Pontiac, Michigan, and a 2007 conviction for assault with intent to do great bodily harm, less than murder, in the 3rd Circuit Court in Detroit, Michigan. (*Sentencing Tr.*, ECF No. 46 at 4; *Presentence Investigation Report* ("PSR"), ECF No. 37 at 10, ¶ 58 and 12, ¶ 64).

[2] The petition also suggests that the petitioner is entitled to resentencing under *United States v. Barnett*, based upon *Booker v. United States*, 543 U.S. 220 (2005). The petitioner does not provide a citation to the *Barnett* decision and the undersigned has been unable to locate the relevant opinion. Nonetheless, the petitioner was sentenced after *Booker* under an advisory guideline scheme. Thus, these decisions appear to afford him no relief under section 2255 or section 2241.

The instant petition states, in pertinent part:

Defendant dispute[s] the career criminal because intent to deliver a controlled substance only shows his knowing possession of drugs, and do not have as an element of the crime of proof to intent to import, export, distribute, or dispense.

\* \* \*

Defendant also states that in his 2003 conviction[3] he made statements that the drugs was [sic; were] for personal usage. The Defendant state[s] that he only received one day in jail and zero tolerance probation. The Defendant states that since the crime committed didn't require not even a year it shouldn't be deemed as a crime for which the defendant should be qualified as a career offender (U.S. v. Simmons) (U.S. v. Wheeler). Defendant states all motion[s] were filed in timely fashion.

The U.S. v. Simmons along with the U.S. v. Wheeler explains that the Forth [sic; Fourth], Sixth, and the Seventh district [sic; Circuits] agree with the vagueness language that accuse many defendants of falling under the career guideline. The Defendant states that the policy in which the government uses to career him is vague under U.S. v. Beckles and U.S. v. Johnson. The Defendant urge[s] the Court to move on his behalf.

(ECF No. 1 at 1-2).

## **ANALYSIS**

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which is this court. Petitions under 28 U.S.C. § 2241, on the other hand, are generally used to address matters concerning the execution of a federal sentence and are usually filed in the federal court where the petitioner is incarcerated. When the petitioner filed his section 2241 petition, he was incarcerated at USP Beaumont, in Beaumont, Texas. However, the undersigned finds it unnecessary to transfer this matter to the United States District Court for the

---

[3] According to his PSR, Defendant was charged with delivery/manufacture of cocaine under 50 grams in the 6th Circuit Court in Pontiac (Oakland County), Michigan on November 5, 2003, to which he pled guilty on March 15, 2004. Defendant refers to this conviction as his "2003 conviction." However, because he was found guilty of that offense in 2004, the undersigned refers to that conviction herein as the "2004 conviction."

Eastern District of Texas because the petitioner is not entitled to any relief regardless of the venue. The undersigned has also not required the respondent to answer the petition.

Section 2241 is not an additional, alternative, or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241 in this federal court. Recently, the Fourth Circuit extended the reach of the savings clause to sentencing challenges using the following test:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive

4

> change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

The petitioner herein cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause for several reasons. While the petitioner appears to meet the first prong above, he cannot meet the remaining prongs because the substantive law with respect to his sentence has not changed in a way that warrants relief. First, as noted in the Proposed Findings and Recommendation filed this same day in the petitioner's section 2255 proceeding, to the extent that the petitioner is relying on *Johnson* and *Dimaya* to assert that he does not qualify as a career offender under the guidelines, those arguments are foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles,* the Court definitively held that the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process clause and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* at 892.

Nor can the petitioner meet this prong in light of the Fourth Circuit's decision in *Simmons,* because, among other reasons, it was decided four years before he was sentenced. Thus, even if *Simmons* could be considered a substantive change in the law under the circumstances presented, that change did not occur subsequent to the petitioner's direct appeal and section 2255 motion. Moreover, as further noted in the Proposed Findings and Recommendation submitted concerning the petitioner's section 2255 motion, even if the petitioner could establish that a substantive change has occurred that rendered his sentence erroneous, he cannot demonstrate that such error resulted in a fundamental miscarriage of justice. *See United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)); *see also United States v. Dorsey*, 611 F. App'x 767, 770 (4th Cir. 2015);

5

*United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) ("errors in guideline interpretation or application ordinarily fall short of a miscarriage of justice.")

In *Foote*, noting that "not every alleged sentencing error can be corrected on collateral review," the Fourth Circuit held that "only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." 784 F.3d at 932. The Court further found that "it would be remiss to place an erroneous Guidelines classification under any advisory scheme in the same category as violation of a statutory or constitutional provision." *Id.* Thus, the Court held that an error in application of an advisory guideline is a non-fundamental defect. *Id.; see also Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (error in guidelines calculation under pre-*Booker* mandatory guidelines scheme was fundamental error, but "*Foote* undoubtedly would bar petition had he been sentenced under the advisory Guidelines."); *Kornegay v. Warden*, 748 F. App'x 513, 514 (4th Cir. 2019) (denying section 2241 petition challenging advisory Guideline sentence based upon *Foote*). Therefore, the petitioner herein also cannot meet the fourth requirement of *Wheeler*.

Finally, given the fact that the petitioner's section 2255 motion was pending at the time he filed the instant petition, it appears that the instant petition is premature and improvidently filed. Therefore, it should be dismissed.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained

in his section 2241 petition. The undersigned further proposes that the presiding District Judge **FIND** that it would be futile to transfer this matter to the United States District Court for the Eastern District of Texas, where the petitioner is confined.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

June 27, 2019

Dwane L. Tinsley
United States Magistrate Judge